UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

MICHAEL T. BINITIE,

    Appellant,

vs.                                 CASE NO.: 4:11-CV-275-SPM/WCS

LEIGH D. HEART,
CHAPTER 13 TRUSTEE,

    Appellee.
_____/

**ORDER AFFIRMING THE BANKRUPTCY COURT'S DISMISSAL
OF APPELLANT'S CHAPTER 13 PETITION**

**A. BACKGROUND**

This appeal comes before the Court upon the dismissal of debtor Michael T. Binitie's (Appellant) third petition for Chapter 13 bankruptcy in the past two years. (doc. ¶ 6) Leigh D. Heart (Trustee) asserts that Appellant filed these petitions not with the intention to properly re-organize his debt but instead to delay the foreclosure sale of his home. Appellant filed his first bankruptcy petition on May 19, 2010, one day before the public sale of his home, and the bankruptcy court dismissed the petition for failure to make appropriate payments on the Appellant's proposed bankruptcy plan.[1] (doc. ¶ 6) Appellant filed a

---

[1] When a debtor files a Chapter 13 Bankruptcy petition, the debtor must propose a repayment plan and begin making payments "no later than 30

second petition on November 16, 2010, and this petition was also dismissed for Appellant's failure to make appropriate payments on his proposed plan as well as Appellant's failure to file a certificate of credit counseling. (doc. ¶ 6)

In the present case, Appellant filed for bankruptcy a third time under Chapter 13 on March 3, 2011, (doc. ¶ 1-1) and submitted his first Chapter 13 plan on March 15, 2011. (doc. ¶ 1-3) On March 21, 2011 the Trustee submitted an objection to the confirmation of Appellant's original plan and noted the following deficiencies: (1) failure to propose any distribution to unsecured creditors, (2) failure to propose a plan that would sufficiently cover administrative and secured claims, (3) failure to meet the liquidation test because of non-exempt property, and (4) failure to state a rate of interest to pay on all of the secure claims. (doc. ¶ 1-8)

In response to the Trustee's objections Appellant submitted an amended plan, which provided that he would increase the total amount of money he would pay the trustee to $46,177.00. (doc. ¶ 1-4) The increased payments of Appellant's amended plan covered the secured and administrative costs however, it failed to address any of the other deficiencies that the Trustee listed. (doc. ¶ 1-4) Additionally, Appellant failed to make any payments to the Trustee, and failed to attend a meeting with his creditors to work on a payout plan that they would confirm. (doc. ¶ 1-16)

---

days after the filing of the plan." 11 U.S.C. § 1326(a)(1).

Because of Appellant's actions the Trustee moved to dismiss Appellant's petition on the following grounds: (1) failing to appear at a meeting of creditors on April 6, 2011, (2) failing to submit the first payment due April 2, 2011, (3) failing to file a plan in good faith, and (4) failing to address a number of the Trustee's objections to confirmation of Appellant's amended plan.  (doc. ¶ 1-16) The bankruptcy court granted the Trustee's motion and dismissed Appellant's case with prejudice because of Appellant's failure to properly prosecute the case, and his abuse of the bankruptcy process.  (doc. ¶ 1-22)

**B. STANDARD OF REVIEW**

When a district court reviews the decisions of a bankruptcy court the district court "functions as an appellate court."  In re Colortex Indus., Inc., 19 F.3d 1371, 1374 (11th Cir. 1994).  This Court reviews the bankruptcy court's legal conclusions de novo, and its factual findings for clear error.  In re Globe Mfg. Corp., 567 F.3d 1291, 1296 (11th Cir. 2009).  A legal conclusion reviewed under the *de novo* standard allows this Court to "assess the bankruptcy court's judgment anew."  Id.  A factual finding reviewed under the clearly erroneous standard is not reversed unless "the reviewing court . . . is left with the definite and firm conviction that a mistake has been made."  White v. Waage, 440 B.R. 563, 565 (M.D. Fla. 2010).  This court may affirm the bankruptcy court's decision on any legal ground, which the record supports.  In re D'Elia, No. 2:10-CV-196-FTM-29, 2011 WL 1326819, at *3 (M.D. Fla. Apr. 6, 2011).  Therefore, this Court

does not need to address every issue raised on appeal if there are grounds to support the judgment below. Id.

**C. DISCUSSION**

The question before the Court is whether Appellant's Chapter 13 case was properly dismissed with prejudice for Appellant's abuse of the bankruptcy process and failure to properly prosecute the case.[2] Failure to file a bankruptcy petition in good faith and properly prosecute a Chapter 13 plan are permissible reasons for dismissal under section 1307 of the United States Bankruptcy Code. In re Huckeba, No. 05-17339-WHD, 2006 WL 6589886, at *4 (Bankr. N.D. Ga. Sept. 9, 2006). More specifically, dismissal is appropriate under section 1307 when a debtor fails to make timely payments, or when a debtor causes an "unreasonable delay." 11 U.S.C. § 1307(c).

Under section 1307(c)(4), failure to make timely payments is just cause to dismiss a case. Id. "[F]ailure to make the regular monthly payments to a creditor is ordinarily a material default under a confirmed Chapter 13 plan and gives rise to several possible remedies, including dismissal." In re Elliott, 3:10-CV-1041-WKW, 2011 WL 744800, at *2 (M.D. Ala. Feb. 25, 2011) quoting In re Gilpin, 209 B.R. 490, 493 (Bankr. W.D. Mo.1997).

In the present case, the record shows that Appellant did not pay the first

---

[2] The bankruptcy court also imposed a 180 day filing ban pursuant to 11 U.S.C. § 109(g) upon finding that Appellant's failure to prosecute was a willful abuse of the bankruptcy process.

payment, due April 2, 2011, nor did Appellant make any subsequent payments. (doc. ¶ 1-16)  The record includes documentation demonstrating Appellant's failure to make any payments, and Appellant has not denied that he has not made any of the Chapter 13 payments required by law.  (doc. ¶ 1-16)

In addition to Appellant's failure to make payments, Appellant failed to attend the creditors meeting scheduled for April 6, 2011. Under section 1307(c)(1), this Court may dismiss a case if there is "unreasonable delay by the debtor that is prejudicial to creditors."  11 U.S.C. §1307(c)(1).  When a debtor fails to comply with the requirement to attend the creditors meeting, dismissal is appropriate unless the debtor can show a legitimate cause for his failure to attend.  In re Smart, 212 BR 419, 420 (Bankr. S.D. Ga. 1997).  In the present case Appellant has failed to provide any reason why he did not attend the creditors meeting on April 6, 2011.

Finally, "[t]o achieve confirmation, Chapter 13 debtors are required to propose their plans in good faith . . . ." White, 440 B.R. at 567.  The Eleventh Circuit in In re Kitchen set out a number of factors to consider when determining whether the debtor proposed a Chapter 13 plan in good faith.  Id.  These factors include, "the motivations of the debtor and his sincerity in seeking relief under the provisions of chapter 13" and "the frequency with which the debtor has sought relief under the Bankruptcy Reform Act."  Id.  When analyzing good faith, this Court may look at both pre-petition, as well as post-petition conduct.  Id.

5

In the present case the Court affirms the findings of the Bankruptcy Court that Appellant willfully failed to prosecute the case and abused the bankruptcy process. The record reflects that the debtor did not have sincere intentions when seeking relief, and the fact that Appellant has petitioned for bankruptcy three times in the past two years weighs against a finding of good faith.

Appellant first declared bankruptcy March 19, 2010, one day before his home was to be sold at a public sale. It is likely that Appellant's true purpose in declaring Chapter 13 Bankruptcy was not to reorganize and payoff his existing debts, but instead to delay the foreclosure proceedings on his home.

Appellant's proposed Chapter 13 plans strengthen this view. In both his original plan, as well as his amended plan, Appellant failed to provide for payments to his unsecured creditors, administrators, or any secured creditor apart from Wells Fargo Bank.  Additionally, Appellant failed to consider the Trustee's objections to his proposed plan and make the appropriate amendments so his plan would be confirmable. The Trustee's objection to confirmation listed out the deficiencies in Appellant's plan and Appellant had the ability to cure those deficiencies. Instead Appellant simply increased the payout to Wells Fargo Bank, and failed to address any of the other issues.

Finally, Appellant's failure to make any payments to the Trustee or to attend the creditors meeting shows his lack of good faith. Not only did Appellant propose an insufficient plan and fail to cure those insufficiencies, but Appellant

also refused to fulfill the obligations of his plan. Every time Appellant has filed bankruptcy in the past two years, his case has been dismissed for his failure to make payments on his proposed plan. Appellant's failure to even attempt to fulfill the obligations of his proposed plan point to a lack of good faith in his proposal of that plan.  Based on the foregoing, it is

ORDERED AND ADJUDGED:

1. The Order of the Bankruptcy Court dismissing Appellant's Chapter 13 Petition is **affirmed**.

2. All pending motions are **denied** as moot.

DONE AND ORDERED this 13th day of March, 2012.

*S/ Stephan P. Mickle*
Stephan P. Mickle
Senior United States District Judge